# EXHIBIT A

GASIOROWSKI & HOLOBINKO
54 BROAD STREET
RED BANK, NEW JERSEY 07701
(732) 212-9930
Attorney for Plaintiffs,
Martell's Tiki Bar & Jenkinson's Pavilion



| | |
|---|---|
| MARTELL'S TIKI BAR, INC. and JENKINSON'S PAVILION, | : SUPERIOR COURT OF NEW JERSEY : LAW DIVISION: OCEAN COUNTY : |
| Plaintiffs | : : Docket No. $\alpha$ 1412-12 |
| vs. | : : |
| GOVERNING BODY OF THE BOROUGH OF POINT PLEASANT BEACH, THE BOROUGH OF POINT PLEASANT BEACH, MICHAEL CORBALLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND JOHN DOES (1 THROUGH 6) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, | : Civil Action : : FIRST AMENDED : COMPLAINT IN LIEU OF : PREROGATIVE WRITS AND : COMPLAINT PURSUANT TO : 42 U.S.C. § 1983 : : |
| Defendants | : : : : : |

Plaintiffs Martell's Tiki Bar, Inc. and Jenkinson's
Pavilion, Inc., each having their place of business at Ocean
Avenue, Point Pleasant Beach, Ocean County, New Jersey, by way
of Complaint, says:

### STATEMENT OF FACTS COMMON TO ALL COUNTS

1.     The plaintiff Martell's Tiki Bar, Inc. (hereinafter
Martell) owns and has operated for many years a substantial

restaurant/bar facility and business located at Ocean Avenue on the Point Pleasant Beach Boardwalk, in the Borough of Point Pleasant Beach, New Jersey. Plaintiff Martell is a taxpayer within the Borough and has standing.

2. The plaintiff Jenkinson's Pavilion, Inc. (hereinafter "Jenkinson's) owns and has operated for many years a substantial pavilion containing various food service, bar, and public recreation establishments located at Ocean Avenue on the Point Pleasant Beach Boardwalk, in the Borough of Point Pleasant Beach, New Jersey. Plaintiff Jenkinson's is a taxpayer within the Borough and has standing.

3. The defendant Borough of Point Pleasant Beach (hereinafter "Borough") is a municipality operating pursuant to the Constitution and laws of New Jersey. The defendant Governing Body of the Borough is the elected Body charged with the responsibility and authority to govern the Borough, and adopt Ordinances and/or Resolutions regulating or guiding the affairs of the Borough in accord with the law. As a Borough form of government, the Borough of Point Pleasant Beach and its Governing Body is established and must act in accord with N.J.S.A. 40A:60-1 et seq.

4. The defendant Michael Corbally is an elected member of the Borough Governing Body. The defendant Corbally actively

2

participated in the formulation, introduction and adoption of Ordinance 2012-12, adopted by the Point Pleasant Beach Governing Body on April 17, 2012. (Exhibit A)

5. The defendant Borough has a substantial beach front area accessing the Atlantic Ocean, and over the years has permitted and encouraged the establishment of substantial municipal beach facilities and a municipal boardwalk facility to seek and attract patronage by the general public, in particular non-residents of the Borough.

6. Over a period of many years, the defendant Borough through its zoning and other municipal policies and practices, including the ownership and operation of municipal beach facilities and municipal boardwalk, has encouraged and allowed commercial property owners of properties in the area of the beachfront to develop and utilize their properties for business that attract and are patronized by the general public, in particular non-residents of the Borough, who are induced to come to the Borough and utilize and patronize its beach facilities and boardwalk.

7. The facilities and businesses of each plaintiff employ a substantial number of employees who reside in other municipalities or at sufficient distance that they travel to

3

Point Pleasant Beach and their employment by private motor vehicle.

8.    The facilities and businesses of each plaintiff are patronized by many members of the public who reside in other municipalities and travel to Point Pleasant Beach by private motor vehicle.

9.    For a period of many years to the present, due to the standards and Ordinances allowed and adopted by the defendant Borough regarding the density and extent of development permitted within the Borough, there has been created and is presently existing an insufficiency and inadequacy of available off-street parking lots or locations to provide suitable and available off-street parking for the public or for employees of the businesses that have been encouraged and solicited to visit and operate within the Borough, particularly during the summer seasonal period.

10.   As a result, a substantial percentage and number of the public visitors who have been encouraged by the defendant Borough to come to and patronize the facilities and businesses within the Borough, and the employees of those businesses, including the patrons and employees of each of the plaintiffs' businesses and facilities, have for many years been allowed, permitted, and required to park their motor vehicles on public

4

streets within the Borough of Point Pleasant Beach so as to access the beach and boardwalk facilities, as well as businesses related to those beach and boardwalk facilities.

11.    That this inadequacy of available off-street parking for the visitors solicited and induced by the Borough to come to the Borough, and for the employees of the businesses to serve those visitors, is a responsibility of the defendant Borough has been established by the Ordinances, policies, and practices of the defendant Borough, and has been recognized and conceded by the defendant Borough and defendant Governing Body by its enactment and adoption of a Municipal Parking Authority pursuant to the authority of N.J.S.A. 40:11A-1 et seq., the Municipal Parking Authority Law.

12.    Pursuant to said Codification of the Borough Parking Authority, the Borough has found and continues to state at Section 2-21 of its Code that the providing for adequate parking for visitors induced by the Borough to come to the Borough to patronize its municipal beach and boardwalk facilities as well as businesses related to and in the vicinity of those public facilities is a responsibility of the Borough, stating that:

"Adequate provisions of properly located terminal space for automobiles are a public responsibility and the parking problems cannot be remedied by regulatory process, and cannot be effectively dealt with by private enterprise.  The establishment of a parking

5

authority will promote the public safety, convenience and welfare".

13. As part of the Borough policy and practices to endeavor to induce visitors to come to the Borough to patronize the beach, boardwalk and private businesses in the vicinity of the beach and boardwalk, the Borough has for many years allowed and authorized vehicle parking on public streets in the Borough.

14. Premised and based upon those practices and policies over many years, each of the plaintiffs has been induced to locate and operate its business and facilities within the Borough and adjacent to the Borough beach and boardwalk facilities, and over the period of many years in reliance upon the Borough's continued inducements has invested substantial funds in the maintenance and operation of their business premises, and each of the plaintiffs' businesses employs a substantial number of employees who have accepted employment on the premise of the plaintiffs' businesses remaining viable.

15. In 2011, the defendant Governing Body of the Borough of Point Pleasant Beach had placed on the ballot in the November 2011 Election a Non-binding referendum question requesting a vote of Borough registered voters on the following public question or proposition:

"Shall the Governing Body of the Borough of Point Pleasant Beach institute by the appropriate action

6

regulations limiting parking on public streets to residents and taxpayers of the Borough of Point Pleasant Beach?"

16. The following explanatory statement was also included on the official ballots:

"This overnight free parking program would restrict street parking town wide for only taxpayers and residents. This program would run from Memorial Day to Labor Day. Hours of enforcement from midnight until 8:00 a.m. with 5 free transferable passes to be distributed to each eligible residence".

17. That referendum question was defeated by the voters of the Borough in that November 2011 referendum vote.

18. On April 17, 2012, over the objections of the plaintiffs and other taxpayers and interested persons, the defendant Governing Body adopted at its public meeting Ordinance 2012-12. That Ordinance essentially proposes to prohibit the parking of motor vehicles in non-metered spaces on public streets within the defined area of District 4 of the Borough, between the hours of 12:00 a.m. and 6:00 a.m. beginning the Monday before Memorial Day and ending the Monday after Labor Day, except for vehicles displaying a placard to be issued by the Borough to certain individuals as set forth in the Ordinance.

19. The District 4 as defined in the Ordinance is in the immediate vicinity of the municipal beach and boardwalk

facilities and plaintiffs' businesses and facilities, and the public streets upon which parking will now be prohibited during the specified hours, except for vehicles displaying a placard to be issued to certain individuals/residents of the Borough, during the specified hours have been for many years utilized for motor vehicles parking by substantial numbers of patrons and employees of each plaintiff's business and facilities.

## FIRST COUNT

20. The plaintiffs repeat the allegations of paragraphs 1 through 19 as set forth herein.

21. Ordinance 2012-12 purportedly prohibits parking of motor vehicles at non-metered spaces within the substantial area defined as District 4 between the hours of 12:00 a.m. and 6:00 a.m. from Memorial Day through the Monday after Labor Day, other than the parking of motor vehicles displaying a placard to be issued by the defendant Borough to select individuals.

22. The Ordinance further provides in Section 9-17.2 that "every District 4 taxpayer" shall be provided and issued five parking placards by the Borough.

23. In addition, the Ordinance further provides in Section 9-17.4 that "any resident or residential taxpayer" may apply and obtain from the Borough one parking placard by completing the appropriate application. A "resident or residential taxpayer"

8

is defined in Section 9-14.1 of the Borough Code as any person who resides in the Borough for at least 9 months of the year and can demonstrate that a Borough residence is on their State issued driver's license, insurance card and vehicle registration as a permanent address.

24.   Consequently, by the terms of this Ordinance, District 4 taxpayers will be issued and receive 5 parking placards pursuant to Section 9-17.2 and an additional parking placard upon application pursuant to Section 9-17.4.

25.   Further, every resident and/or residential taxpayer of the Borough is entitled to 1 parking placard upon application and request, without regard to the location of their residence within the Borough.

26.   Thus, by terms of this Ordinance, a District 4 resident/taxpayer will be issued 6 parking placards without regard to any demonstrated need for such placards for vehicles owned or operated out of the District 4 residence, and every resident/taxpayer of the Borough will be entitled to 1 parking placard, without regard to any demonstrated need or use for such placard.

27.   There is no prohibition or restriction on the sale or transfer of such placards from the resident/taxpayer to other

9

individuals. The placards have value as property, and are capable of being sold or transferred.

28. The placards are being issued by the defendant Borough without consideration or payment by the recipient, and without regard or demonstration of need or basis for receipt of such placard.

29. The issuance of such placards, having value as property and transferable and saleable, without proper consideration and without regard to need or basis for receipt is unconstitutional under the United States Constitution as a violation of equal protection and due process.

30. Further, the issuance of such placards, having value as property and transferable and saleable, without proper consideration and without regard to need or basis for receipt is unconstitutional under the New Jersey State Constitution as a violation of equal protection and due process and further as a violation of Article 8 Section 3 Paragraph 2 prohibiting municipalities from giving money or property to private individual or entities and other related Constitutional provision.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

10

1.   Declaring Ordinance 2012-12 as unconstitutional and invalid.

2.   For an award of attorney fees and costs.

3.   For such other relief as the Court deems just.

## SECOND COUNT

31.   The plaintiffs repeat the allegations of paragraphs 1 through 30 as set forth herein.

32.   The defendant Borough has extensive frontage and access upon beaches and the Atlantic Ocean shorefront. As such, the Borough as per the Public Trust Doctrine is charged must provide reasonable and equal access to the beach and accessory beachfront facilities to residents and non-residents alike. See Borough of Avalon v. N.J. Dept. of Env. Protection, 403 N.J. Super. 590, 605 (App. Div. 2008).

33.   In and about 1999, the defendant Borough filed application with the State of New Jersey Department of Environmental Protection (NJDEP) pursuant to the requirements of the Coastal Area Facility Review Act, N.J.S.A. 13:19-1 et seq. and/or the Waterfront Development Law, N.J.S.A. 12:5-3 and the regulations of the NJDEP for permits to permit and obtain funding for various beach and dune maintenance activities on public beaches within the Borough.

11

34. The defendant Borough was issued a Permit dated September 21, 2000 for the requested beach and dune maintenance activities under the authority of the above Coastal Protections Laws and Regulations. As one of the conditions and requirements of said Permit and as required by said laws and the Permit, the Borough agreed and it is required that "the Borough of Point Pleasant Beach must continue to maintain public parking along the streets adjacent to the beach".

35. That requirement and condition continues in effect pursuant to the above Permit and pursuant to requirements to permit public access to beach and boardwalk facilities along the oceanfront.

36. By Ordinance 2012-12 the defendants Borough Governing Body and Borough are improperly and unreasonably violating the Permit.

37. By Ordinance 2012-12 the defendants Borough Governing Body and Borough are improperly and unreasonably restricting access to public beach and oceanfront boardwalk facilities to non-residents of the Borough in violation of the Public Trust Doctrine and various State public trust access laws and regulations.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

12

1.   Declaring   Ordinance   2012-12   as   invalid   and   in
     violation of public access and public trust doctrines.

2.   Declaring Ordinance 2012-12 as invalid as in violation
     of  State  public  access  regulations  and  the  permit
     issued September 21, 2000.

3.   For an award of attorney fees and costs.

4.   For such other relief as the Court deems just.

### THIRD COUNT

38.   The plaintiffs repeat the allegations of paragraphs 1
through 37 as set forth herein.

39.   The defendants Borough Governing Body and Borough have
over a period of many years actively induced and solicited the
public, and in particular non-residents of the Borough, to come
to Point Pleasant Beach for purposes of partaking and utilizing
the public beach facilities and the public boardwalk facilities,
particularly during the summer seasonal period.

40.   In addition, the defendants Borough Governing Body and
Borough have over a period of many years actively induced and
solicited private individuals, including the plaintiffs, to
purchase and invest into businesses and commercial properties
within the Borough and adjacent or near the beach and boardwalk
facilities, in order to provide suitable and legal restaurant,
tavern and recreation facilities so as to service and induce the

13

public, and in particular non-residents, to come to the Borough and utilize such facilities and businesses.

41. The plaintiffs, and each of them, pursuant to such inducements and practices over many years have responded and invested substantial amounts of money and investments into their particular business operations and facilities.

42. In addition, the plaintiffs, and each of them, pursuant to such inducements and practices over many years have engaged and employed numerous employees with the representation and expectation of continued accessibility to the place of business and continued employment upon satisfactory performance.

43. The plaintiffs, and each of them, have over the period of many years operated their business and facilities in a proper legal manner, complying with all State and local regulations for the conduct of such businesses.

44. The defendants Borough Governing Body and Borough by Ordinance 2012-12 have now acted contrary to the inducements and practices over many years upon which the plaintiffs have relied and acted upon, and by said action have substantially injured the plaintiffs and the third party beneficiary employees.

45. The actions of the defendants Borough Governing Body and Borough in adopting Ordinance 2012-12 --- so as to injure the plaintiffs, their business and facilities, and their

14

employees --- was done in bad faith and is barred and precluded by equitable estoppel.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

1.   Declaring Ordinance 2012-12 as invalid.

2.   For an award of attorney fees and costs.

3.   For such other relief as the Court deems just.

### FOURTH COUNT

45.   The plaintiffs repeat the allegations of paragraphs 1 through 44 as set forth herein.

46.   Ordinance 2012-12 includes within the area as specified as District 4 certain areas or streets that are not within the jurisdiction and control of the defendant Borough, and over which the defendant Borough does not have the jurisdiction or authority to regulate and/or prohibit public parking of motor vehicles.   The Ordinance 2012-12 is invalid as it purports to regulate and control the parking on streets over which the defendant Borough does not have jurisdiction.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

1.   Declaring Ordinance 2012-12 as invalid.

2.   For an award of attorney fees and costs.

3.   For such other relief as the Court deems just.

15

## FIFTH COUNT

47. The plaintiffs repeat the allegations of paragraphs 1 through 46 as set forth herein.

48. Upon information and belief, at least two members of the defendant Borough Council (Councilman Tooker and Councilman Corbally) own residences and are taxpayers in District 4.

49. As detailed in Ordinance 2012-12, District 4 taxpayers, including Councilman Tooker and Councilman Corbally and possibly other Council members, will each be entitled to the issuance of at least 6 parking placards without payment or consideration, with no restriction as to the conveyance and/or sale of such placards to third parties.

50. Such parking placards are property and have value, and the issuance of such valuable property to the Councilman voting for and adopting said Ordinance constitutes a sufficient pecuniary interest and special benefit, different than the benefit received by other taxpayers in the Borough, so as to constitute a conflict of interest precluding their participation in the vote on said Ordinance granting such special benefit.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

16

1.    Declaring Ordinance 2012-12 as invalid.

2.    For an award of attorney fees and costs.

3.    For such other relief as the Court deems just.

### SIXTH COUNT

51.    The plaintiffs repeat the allegations of paragraphs 1 through 50 as set forth herein.

52.    Councilman Michael Corbally is a licensed real estate broker of the State of New Jersey and a partner/principal in a real estate brokerage company known as "Barefoot Realty" with an office at 405 Arnold Avenue in the Borough. The defendant Corbally derives a substantial percentage and amount of his income from his work and participation with Barefoot Realty.

53.    A substantial percentage of the business of the Barefoot Realty firm is the listing for rent or sale, and the rental or sale, of real property within the Borough.

54.    A substantial percentage of the business of the Barefoot Realty firm is the listing for rent or sale, and the rental or sale, of real property within District 4 of the Borough.

55.    The defendant Corbally in the advertising and solicitations for business for the firm of Barefoot Realty actively promotes and utilizes his position as Borough

17

Councilman as an inducement for persons to utilize the services of that realty firm.

56. The defendant Corbally actively participated in the drafting and passage of Ordinance 2012-12 and was one of its most vocal and active proponents.

57. As previously detailed, by Ordinance 2012-12 a special benefit and property of value is granted without consideration to each District 4 property owner, with said placards/property being saleable and transferrable for valuable consideration to third parties.

58. A substantial number of the parties benefited by the receipt of said valuable property without consideration are property owners who either are or were clients of Barefoot Realty and/or defendant Corbally, or property owners and/or individuals from whom Barefoot Realty and/or Corbally are actively seeking or soliciting business regarding the sale or rental of property within District 4.

59. Further, the Local Government Ethics Law, N.J.S.A. 40A:9-22.1 et seq., among other relevant provisions, prohibits a local elected official from participating or acting in an official capacity on any matter in which he or any business organization in which he has an interest has a direct or indirect financial or personal involvement that might reasonably

18

be expected to impair his objectivity or independence of judgment.

60.  By reason of the special and substantial interest and benefits conferred by said Ordinance, and in particular upon properties in District 4, the defendant Corbally's participation and involvement in the adoption of said Ordinance was improper and precluded by reason of conflict of interest and being contrary to the provisions of the Local Government Ethics Law, N.J.S.A. 40A:9-22.1 et seq.  The participation of Councilman Corbally in the adoption of Ordinance 2012-12 is improper and requires its invalidation.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

1.  Declaring Ordinance 2012-12 as invalid.
2.  Precluding Councilman Corbally and/or any other Councilperson similarly situated from participating and acting upon any parking ordinance creating special placards or permits to property owners/residents within the Borough and/or within District 4.
3.  For an award of attorney fees and costs.
4.  For such other relief as the Court deems just.

19

## SEVENTH COUNT

61.    The plaintiffs repeat the allegations of paragraphs 1 through 60 as set forth herein.

62.    Within the public streets purportedly to be affected and included within the enforcement and provisions of Ordinance 2012-12 are several streets within and/or subject to the jurisdiction and control of the County of Ocean.

63.    Prior to the introduction and/or public discussion at a Borough Council meeting of Ordinance 2012-12 or any parking prohibition to be effectuated on public streets in District 4, the defendant Councilman Corbally forwarded a letter January 26, 2012 to Freeholder Lacey of the Ocean County Board of Chosen Freeholders advising that he (Councilman Corbally) had "been authorized by the Governing Body of Pt. Pleasant Beach to correspond with you in your position as Freeholder/Liaison to the Road Department, to ascertain what steps the County would like to see taken in order for the Borough to implement a Pilot Resident Parking Program in District 4 of the Borough".

64.    In response to that letter, Councilman Corbally received a letter from Ocean County Engineer Frank Scarantino, P.P., P.E. dated February 15, 2012.  That letter basically advised that the proposal as presented by Ordinance 2012-12 "raises serious legal issues, as public right of way is

20

expressly available for all of the public" and further indicated the proposal presented "serious implications for tourists visiting the Borough and the impact of reduced tourism remedies, as the Borough is not proposing any alternative visitor parking. Tourism is the lifeblood of the County's economy."

65. Upon information and belief, those letters and in particular the response letter from the County of Ocean indicating serious legal issues and serious implications as to the impact on the economy of both the Borough and the County, and impact upon members of the public seeking to make use of public streets and public access to beach and boardwalk facilities, were not disclosed or made available and known to other members of the Point Pleasant Governing Body and to the public.

66. Despite the advices from the County of Ocean that such a proposal that would encompass or involve County roads was potentially not legal and would be detrimental to the local and county economy, Ordinance 2012-12 was thereafter adopted and includes within its purported area of enforcement certain streets within County jurisdiction and control.

67. Further, the failure of Councilman Corbally to disclose to the public and/or other members of the Governing Body the serious legal issues and serious economic issues raised

21

by the County in its letter constituted a violation of the obligation of full disclosure embodied in the Open Public Records Act and Open Public Meetings Act, and renders the public hearing and vote on the Ordinance 2012-12 as deficient and invalid.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

1. Declaring Ordinance 2012-12 as invalid and/or remanding Ordinance 2012-12 for a new public hearing and adoption vote with disclosure of all comments and/or communications from other governmental agencies.

2. For an award of attorney fees and costs.

3. For such other relief as the Court deems just.

## EIGHTH COUNT

68. The plaintiffs repeat the allegations of paragraphs 1 through 67 as set forth herein.

69. As detailed in the previous paragraphs Ordinance 2012-12 arbitrarily and impermissibly provides special benefits and considerations to a select number of property owners within the Borough and improperly injures plaintiffs in the legal and legitimate operation of their businesses.

22

70. For the reasons previously detailed and that the Ordinance was adopted in bad faith for improper purposes, Ordinance 2012-12 is arbitrary, capricious and unreasonable.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

1. Declaring Ordinance 2012-12 as invalid.

2. For an award of attorney fees and costs.

3. For such other relief as the Court deems just.

## NINTH COUNT

71. The plaintiffs repeat the allegations of paragraphs 1 through 70 as set forth herein.

72. Pursuant to 42 U.S.C. § 1983, the Courts are authorized to redress violations of rights, privileges or immunities secured by the United States Constitution and Federal law that occur by actions of municipal government and/or municipal officials under color of law.

72. By the passage of Ordinance 2012-12, the defendants Borough of Point Pleasant Beach and Governing Body have violated and will continue to violate constitutional rights and Federal rights of plaintiffs and other so situated to equal protection, due process, the right to equal access to public waters and facilities, and Federal statutory rights.

23

73.    The defendant Borough and defendant Governing Body can be sued directly under 42 U.S.C. § 1983 for action adopted by Ordinance as an official municipal policy or custom, which promulgates and enforces a violation of Constitutional or Federal rights.

74.    The defendant Corbally is sued in his official and individual capacities as a policy maker of the defendant Borough, acting under color of State law.    The defendant Corbally's actions in fostering and adopting Ordinance 2012-12 were improper as detailed in the Complaint and were a misuse of authority.

75.    The defendant John Does (1 through 6) are Borough officials and/or employees, acting under color of State law, in furtherance of Ordinance 2012-12 for unconstitutional purposes or violations so as to violate the Constitutional and/or Federal statutory rights of the plaintiffs or other similarly situated.

76.    The plaintiffs, and each of them, and others similarly situated and/or affected will incur and will continue to incur substantial damages by reason of the unconstitutional policies now adopted and proposed to be enforced pursuant to Ordinance 2012-12.

**WHEREFORE,** the plaintiffs demand judgment against the defendants Borough of Point Pleasant Beach, Governing Body of

24

Point Pleasant Beach, and Michael Corbally, individually and in his official capacity, for the following relief:

1.  Declaring Ordinance 2012-12 as invalid.

2.  For an award of compensatory damages incurred.

3.  For an award of punitive damages for violation of plaintiffs' Constitutional and/or Federal statutory rights.

4.  For an award of reimbursement of all attorney fees and costs incurred pursuant to 42 U.S.C. § 1988.

5.  For such other relief as the Court deems just.



GASIOROWSKI & HOLOBINKO
Attorney for Plaintiffs


BY:   R. S. GASIOROWSKI

Dated:   May 7, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

The matter in controversy is not the subject of any other pending or contemplated action; and there are no other parties who should be joined in this action. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this Complaint, I know of no other parties that should be made a part

25

of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, R. S. Gasiorowski, Esq. is designated as trial counsel on behalf of plaintiffs.

## JURY DEMAND

The plaintiffs demand Trial by jury on the issues so triable.

## CERTIFICATION PURSUANT TO R.4:69-4

R.S. Gasiorowski, an attorney-at-law of the State of New Jersey, hereby certifies:

1. I am counsel for the plaintiff herein.

2. I have caused to be ordered all necessary transcripts of local agency proceedings relative to the above matter.

26

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

GASIOROWSKI & HOLOBINKO
Attorney for Plaintiffs

BY: R. S. GASIOROWSKI

Dated: May 7, 2012

27

EXHIBIT A

ORDINANCE 2012-12 Pilot Parking Program for District 4

ADOPTED: April 17, 2012

## AN ORDINANCE OF THE BOROUGH OF POINT PLEASANT BEACH, COUNTY OF OCEAN AND STATE OF NEW JERSEY, CREATING A PARKING PLACARD FOR DISTRICT FOUR

WHEREAS, the Borough Council of the Borough of Point Pleasant Beach has recognized the need to limit parking in District Four between the hours of 12:00 a.m. and 6:00 a.m. during certain times of the year; and
WHEREAS, the Borough Council of the Borough of Point Pleasant Beach has recognized the need to establish regulations and control parking on residential streets between the hours of 12:00 a.m. and 6:00 a.m. during certain times of the year; and
WHEREAS, the Borough Council finds and determines that for the good and welfare of its citizens it is necessary and advisable to establish regulations that improve the quality of life for residents; and
WHEREAS, the Borough Council finds and determines that for the good and welfare of its citizens it is necessary and advisable to establish regulations and provide for the enforcement of parking regulations within the Borough;

NOW, THEREFORE, BE IT ORDAINED, by the Governing Body of the Borough of Point Pleasant Beach, County of Ocean and State of New Jersey, as follows:

SECTION I. Chapter IX of the Code of the Borough of Point Pleasant Beach, entitled "Traffic," shall be amended by making Section 9-17 entitled Penalty Section 9-18 and creating new Section 9-17 as follows:

"District 4 Resident Parking Permit:
9-17.1 Definitions and Word Usage.

Borough shall mean the Borough of Point Pleasant Beach
District Four shall be defined as that area of the Borough bordered on the east by the Atlantic Ocean, on the west by the New Jersey Transit Railroad Tracks, on the north by the Manasquan River and Inlet and on the South by the north side of Arnold Avenue.
Resident and Residental Taxpayer shall be defined as set forth in Section 9-14.1 of the Borough Code.
9-17.2 Issuance of Parking Placard.
Every District Four taxpayer of the Borough shall be provided 5 placards by the administrator to serve as the parking pass, which shall hang conspicuously from the vehicle's rearview mirror. The placards shall be numbered such that each placard may be associated with the taxpayer to whom it was issued. The placards shall be mailed by the administrator to the address so registered with the Borough's tax collector. Whether or not there is more than one taxpayer associated with a real property in District Four, no more than 5 placards shall be issued for each property.
9-17.3 Parking in District Four.

Parking in District Four in non-metered spaces shall be restricted to those licensed, registered and insured vehicles displaying a valid placard between the hours of 12:00 a.m. and 6:00 a.m. beginning the Monday before Memorial Day and lasting until the Monday after Labor Day

9-17.4 Placards for Residents and Residential Taxpayers

a. Any resident or residential taxpayer who desires a parking placard to enable them to park a vehicle in non-metered spaces in District Four during the restricted period may apply for a placard under this section by completing a form to be provided by the Borough Administrator detailing the applicant's name and address, insurance, and the registration number of the motor vehicle for which the applicant desires a parking pass.

b. Each resident or residential taxpayer is limited to one parking placard.

9-17.5 Placement of Signs

Signs posted to indicate the requirements imposed by this section shall be placed in accordance with existing rules and regulations of the State of New Jersey.

9-17.6 Duration, Restrictions and Prohibitions

a. Each placard shall be issued on a yearly basis no later than May 10th of each year. There shall be no proration if less than the full relevant period remains at the time an application for a pass is submitted.

b. Parking permission is subject to:

1. The parking placard shall be and remain in effect beginning the Monday before Memorial Day and lasting until the Monday after Labor Day of the calendar year issued

until the end of the year unless surrendered or revoked prior thereto;

2. The issuance of a parking pass shall not obligate the borough to furnish parking facilities to the holder of said parking pass.

c. Permission to park may be revoked for any of the following:

1. Falsely representing the ownership of a vehicle or the residence of the owner;

2. The commission by the holder of a parking pass of any unlawful act prohibited by the law of the state of New Jersey or for any act in violation of the provisions of this or contrary to any regulation of the borough pertaining to the use and occupation of any parking area while entering, parking or leaving such parking area as set forth in this section.

d. Reproduction of any parking placard is prohibited:

1. No person shall:

(a) Copy, reproduce, or otherwise create a parking placard authorized pursuant to this section;

(b) Create a facsimile or counterfeit parking placard;

(c) Display or use a parking placard knowing same to have been copied, reproduced or otherwise crafted in violation of this section;

2. No person shall furnish false information or fraudulent documents in connection with an application for a parking placard;

3. Any person found violating the provisions of this section is punishable by a fine not to exceed two thousand ($2,000.00) dollars and/or imprisonment for not more than ten days and forfeits the right to receive or use a parking pass under this section for a period of three years;

4. No pass authorized may be issued to a person with three or more outstanding summonses for violations of this section or any related parking section.

e. In addition to the imposition of the above or any other penalty that may be imposed by law for the violation of any of the provisions of this section, the borough may provide for the removal of any vehicle, which is allowed to

stand or be parked in any parking area pursuant to this section. The owner shall bear the reasonable cost of removal and storage that may result from such removal before regaining possession of the vehicle.

f. Any violations under this section that are disputed by the resident to whom the parking pass was issued, will be adjudicated before a hearing officer.

SECTION II. This ordinance shall no longer be effective or apply and shall be repealed in its entirety on December 31, 2012, unless such date of repeal is further extended by ordinance of the Governing Body.

SECTION III. In the event any section, part or provision of this Ordinance shall be held unconstitutional or invalid by any Court, such holding shall not affect the validity of this Ordinance or any remaining part of this Ordinance other than the part held unconstitutional or invalid.

SECTION IV. All ordinances or parts thereof, which are inconsistent with the provisions of this Ordinance are hereby repealed to the extent of their inconsistencies.

SECTION V. This Ordinance shall take effect immediately upon its final passage and publication as required by law.

NOTICE

NOTICE IS HEREBY GIVEN that the foregoing Ordinance was introduced and passed on first reading at the regular meeting of the Borough Council of the Borough of Point Pleasant Beach, in the County of Ocean, held on the 20th day of March 2012 and will be considered for second reading and final passage at the regular meeting of said governing body to be held on the 17th day of April 2012 at 7:00 P.M. in the Council Chambers, Borough Hall, 416 New Jersey Avenue, Point Pleasant Beach, New Jersey at which time and place a person desiring to be heard will be given opportunity to be heard.

Maryann Ellsworth, R.M.C.
Municipal Clerk

Page printed from:
http://www.pointpleasantbeach.org/news.php?action=fullnews&id=1328

# EXHIBIT B

GASIOROWSKI & HOLOBINKO
54 BROAD STREET
RED BANK, NEW JERSEY 07701
(732) 212-9930
Attorney for Plaintiffs,
Martell's Sea Breeze & Jenkinson's Pavilion

MAY - 7 2012

| | |
|---|---|
| MARTELL'S SEA BREEZE and<br>JENKINSON'S PAVILION,<br><br>    Plaintiffs<br><br>vs.<br><br>GOVERNING BODY OF THE BOROUGH<br>OF POINT PLEASANT BEACH, THE<br>BOROUGH OF POINT PLEASANT<br>BEACH, MICHAEL CORBALLY, IN HIS<br>INDIVIDUAL AND OFFICIAL<br>CAPACITY, AND JOHN DOES (1<br>THROUGH 6) IN THEIR INDIVIDUAL<br>AND OFFICIAL CAPACITY,<br><br>    Defendants | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: OCEAN COUNTY<br>:<br>:<br>: Docket No.  L / 4 7 2 - / 2<br>:<br>:<br>:   Civil Action<br>:<br>:<br>: COMPLAINT IN LIEU OF<br>: PREROGATIVE WRITS AND<br>: COMPLAINT PURSUANT TO<br>: 42 U.S.C. § 1983<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

   Plaintiffs Martell's Tiki Bar, Inc. and Jenkinson's

Pavilion, Inc., each having their place of business at Ocean

Avenue, Point Pleasant Beach, Ocean County, New Jersey, by way

of Complaint, says:

## STATEMENT OF FACTS COMMON TO ALL COUNTS

   1.  The plaintiff Martell's Tiki Bar, Inc. (hereinafter

Martell) owns and has operated for many years a substantial

restaurant/bar facility and business located at Ocean Avenue on the Point Pleasant Beach Boardwalk, in the Borough of Point Pleasant Beach, New Jersey. Plaintiff Martell is a taxpayer within the Borough and has standing.

2. The plaintiff Jenkinson's Pavilion, Inc. (hereinafter "Jenkinson's) owns and has operated for many years a substantial pavilion containing various food service, bar, and public recreation establishments located at Ocean Avenue on the Point Pleasant Beach Boardwalk, in the Borough of Point Pleasant Beach, New Jersey. Plaintiff Jenkinson's is a taxpayer within the Borough and has standing.

3. The defendant Borough of Point Pleasant Beach (hereinafter "Borough") is a municipality operating pursuant to the Constitution and laws of New Jersey. The defendant Governing Body of the Borough is the elected Body charged with the responsibility and authority to govern the Borough, and adopt Ordinances and/or Resolutions regulating or guiding the affairs of the Borough in accord with the law. As a Borough form of government, the Borough of Point Pleasant Beach and its Governing Body is established and must act in accord with N.J.S.A. 40A:60-1 et seq.

4. The defendant Michael Corbally is an elected member of the Borough Governing Body. The defendant Corbally actively

2

participated in the formulation, introduction and adoption of
Ordinance 2012-12, adopted by the Point Pleasant Beach Governing
Body on April 17, 2012. (Exhibit A)

5.   The defendant Borough has a substantial beach front
area accessing the Atlantic Ocean, and over the years has
permitted and encouraged the establishment of substantial
municipal beach facilities and a municipal boardwalk facility to
seek and attract patronage by the general public, in particular
non-residents of the Borough.

6.   Over a period of many years, the defendant Borough
through its zoning and other municipal policies and practices,
including the ownership and operation of municipal beach
facilities and municipal boardwalk, has encouraged and allowed
commercial property owners of properties in the area of the
beachfront to develop and utilize their properties for business
that attract and are patronized by the general public, in
particular non-residents of the Borough, who are induced to come
to the Borough and utilize and patronize its beach facilities
and boardwalk.

7.   The facilities and businesses of each plaintiff employ
a substantial number of employees who reside in other
municipalities or at sufficient distance that they travel to

3

Point Pleasant Beach and their employment by private motor vehicle.

8. The facilities and businesses of each plaintiff are patronized by many members of the public who reside in other municipalities and travel to Point Pleasant Beach by private motor vehicle.

9. For a period of many years to the present, due to the standards and Ordinances allowed and adopted by the defendant Borough regarding the density and extent of development permitted within the Borough, there has been created and is presently existing an insufficiency and inadequacy of available off-street parking lots or locations to provide suitable and available off-street parking for the public or for employees of the businesses that have been encouraged and solicited to visit and operate within the Borough, particularly during the summer seasonal period.

10. As a result, a substantial percentage and number of the public visitors who have been encouraged by the defendant Borough to come to and patronize the facilities and businesses within the Borough, and the employees of those businesses, including the patrons and employees of each of the plaintiffs' businesses and facilities, have for many years been allowed, permitted, and required to park their motor vehicles on public

4

streets within the Borough of Point Pleasant Beach so as to access the beach and boardwalk facilities, as well as businesses related to those beach and boardwalk facilities.

11.    That this inadequacy of available off-street parking for the visitors solicited and induced by the Borough to come to the Borough, and for the employees of the businesses to serve those visitors, is a responsibility of the defendant Borough has been established by the Ordinances, policies, and practices of the defendant Borough, and has been recognized and conceded by the defendant Borough and defendant Governing Body by its enactment and adoption of a Municipal Parking Authority pursuant to the authority of N.J.S.A. 40:11A-1 et seq., the Municipal Parking Authority Law.

12.    Pursuant to said Codification of the Borough Parking Authority, the Borough has found and continues to state at Section 2-21 of its Code that the providing for adequate parking for visitors induced by the Borough to come to the Borough to patronize its municipal beach and boardwalk facilities as well as businesses related to and in the vicinity of those public facilities is a responsibility of the Borough, stating that:

"Adequate provisions of properly located terminal space for automobiles are a public responsibility and the parking problems cannot be remedied by regulatory process, and cannot be effectively dealt with by private enterprise.    The establishment of a parking

5

authority will promote the public safety, convenience and welfare".

13. As part of the Borough policy and practices to endeavor to induce visitors to come to the Borough to patronize the beach, boardwalk and private businesses in the vicinity of the beach and boardwalk, the Borough has for many years allowed and authorized vehicle parking on public streets in the Borough.

14. Premised and based upon those practices and policies over many years, each of the plaintiffs has been induced to locate and operate its business and facilities within the Borough and adjacent to the Borough beach and boardwalk facilities, and over the period of many years in reliance upon the Borough's continued inducements has invested substantial funds in the maintenance and operation of their business premises, and each of the plaintiffs' businesses employs a substantial number of employees who have accepted employment on the premise of the plaintiffs' businesses remaining viable.

15. In 2011, the defendant Governing Body of the Borough of Point Pleasant Beach had placed on the ballot in the November 2011 Election a Non-binding referendum question requesting a vote of Borough registered voters on the following public question or proposition:

"Shall the Governing Body of the Borough of Point Pleasant Beach institute by the appropriate action

6

regulations limiting parking on public streets to residents and taxpayers of the Borough of Point Pleasant Beach?"

16.   The following explanatory statement was also included on the official ballots:

"This overnight free parking program would restrict street parking town wide for only taxpayers and residents.   This program would run from Memorial Day to Labor Day.   Hours of enforcement from midnight until 8:00 a.m. with 5 free transferable passes to be distributed to each eligible residence".

17.   That referendum question was defeated by the voters of the Borough in that November 2011 referendum vote.

18.   On April 17, 2012, over the objections of the plaintiffs and other taxpayers and interested persons, the defendant Governing Body adopted at its public meeting Ordinance 2012-12.   That Ordinance essentially proposes to prohibit the parking of motor vehicles in non-metered spaces on public streets within the defined area of District 4 of the Borough, between the hours of 12:00 a.m. and 6:00 a.m. beginning the Monday before Memorial Day and ending the Monday after Labor Day, except for vehicles displaying a placard to be issued by the Borough to certain individuals as set forth in the Ordinance.

19.   The District 4 as defined in the Ordinance is in the immediate vicinity of the municipal beach and boardwalk

7

facilities and plaintiffs' businesses and facilities, and the public streets upon which parking will now be prohibited during the specified hours, except for vehicles displaying a placard to be issued to certain individuals/residents of the Borough, during the specified hours have been for many years utilized for motor vehicles parking by substantial numbers of patrons and employees of each plaintiff's business and facilities.

## FIRST COUNT

20.  The plaintiffs repeat the allegations of paragraphs 1 through 19 as set forth herein.

21.  Ordinance 2012-12 purportedly prohibits parking of motor vehicles at non-metered spaces within the substantial area defined as District 4 between the hours of 12:00 a.m. and 6:00 a.m. from Memorial Day through the Monday after Labor Day, other than the parking of motor vehicles displaying a placard to be issued by the defendant Borough to select individuals.

22.  The Ordinance further provides in Section 9-17.2 that "every District 4 taxpayer" shall be provided and issued five parking placards by the Borough.

23.  In addition, the Ordinance further provides in Section 9-17.4 that "any resident or residential taxpayer" may apply and obtain from the Borough one parking placard by completing the appropriate application.  A "resident or residential taxpayer"

8

is defined in Section 9-14.1 of the Borough Code as any person who resides in the Borough for at least 9 months of the year and can demonstrate that a Borough residence is on their State issued driver's license, insurance card and vehicle registration as a permanent address.

24. Consequently, by the terms of this Ordinance, District 4 taxpayers will be issued and receive 5 parking placards pursuant to Section 9-17.2 and an additional parking placard upon application pursuant to Section 9-17.4.

25. Further, every resident and/or residential taxpayer of the Borough is entitled to 1 parking placard upon application and request, without regard to the location of their residence within the Borough.

26. Thus, by terms of this Ordinance, a District 4 resident/taxpayer will be issued 6 parking placards without regard to any demonstrated need for such placards for vehicles owned or operated out of the District 4 residence, and every resident/taxpayer of the Borough will be entitled to 1 parking placard, without regard to any demonstrated need or use for such placard.

27. There is no prohibition or restriction on the sale or transfer of such placards from the resident/taxpayer to other

individuals.    The placards have value as property, and are capable of being sold or transferred.

28.   The placards are being issued by the defendant Borough without consideration or payment by the recipient, and without regard or demonstration of need or basis for receipt of such placard.

29.   The issuance of such placards, having value as property and transferable and saleable, without proper consideration and without regard to need or basis for receipt is unconstitutional under the United States Constitution as a violation of equal protection and due process.

30.   Further, the issuance of such placards, having value as property and transferable and saleable, without proper consideration and without regard to need or basis for receipt is unconstitutional under the New Jersey State Constitution as a violation of equal protection and due process and further as a violation of Article 8 Section 3 Paragraph 2 prohibiting municipalities from giving money or property to private individual or entities and other related Constitutional provision.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

10

1. Declaring Ordinance 2012-12 as unconstitutional and invalid.

2. For an award of attorney fees and costs.

3. For such other relief as the Court deems just.

## SECOND COUNT

31. The plaintiffs repeat the allegations of paragraphs 1 through 30 as set forth herein.

32. The defendant Borough has extensive frontage and access upon beaches and the Atlantic Ocean shorefront. As such, the Borough as per the Public Trust Doctrine is charged must provide reasonable and equal access to the beach and accessory beachfront facilities to residents and non-residents alike. See Borough of Avalon v. N.J. Dept. of Env. Protection, 403 N.J. Super. 590, 605 (App. Div. 2008).

33. In and about 1999, the defendant Borough filed application with the State of New Jersey Department of Environmental Protection (NJDEP) pursuant to the requirements of the Coastal Area Facility Review Act, N.J.S.A. 13:19-1 et seq. and/or the Waterfront Development Law, N.J.S.A. 12:5-3 and the regulations of the NJDEP for permits to permit and obtain funding for various beach and dune maintenance activities on public beaches within the Borough.

11

34.    The  defendant  Borough  was  issued  a  Permit  dated
September 21, 2000 for the requested beach and dune maintenance
activities under the authority of the above Coastal Protections
Laws and Regulations. As one of the conditions and requirements
of said Permit and as required by said laws and the Permit, the
Borough agreed and it is required that "the Borough of Point
Pleasant Beach must continue to maintain public parking along
the streets adjacent to the beach".

35.    That  requirement  and  condition  continues  in  effect
pursuant to the above Permit and pursuant to requirements to
permit public access to beach and boardwalk facilities along the
oceanfront.

36.    By Ordinance 2012-12 the defendants Borough Governing
Body and Borough are improperly and unreasonably violating the
Permit.

37.    By Ordinance 2012-12 the defendants Borough Governing
Body and Borough are improperly and unreasonably restricting
access to public beach and oceanfront boardwalk facilities to
non-residents of the Borough in violation of the Public Trust
Doctrine  and  various  State  public  trust  access  laws  and
regulations.

**WHEREFORE,** the plaintiffs demand judgment for the following
relief:

12

1.   Declaring   Ordinance   2012-12   as   invalid   and   in
     violation of public access and public trust doctrines.

2.   Declaring Ordinance 2012-12 as invalid as in violation
     of  State  public  access  regulations  and  the  permit
     issued September 21, 2000.

3.   For an award of attorney fees and costs.

4.   For such other relief as the Court deems just.

## THIRD COUNT

38.   The plaintiffs repeat the allegations of paragraphs 1
through 37 as set forth herein.

39.   The defendants Borough Governing Body and Borough have
over a period of many years actively induced and solicited the
public, and in particular non-residents of the Borough, to come
to Point Pleasant Beach for purposes of partaking and utilizing
the public beach facilities and the public boardwalk facilities,
particularly during the summer seasonal period.

40.   In addition, the defendants Borough Governing Body and
Borough have over a period of many years actively induced and
solicited private individuals, including the plaintiffs, to
purchase and invest into businesses and commercial properties
within the Borough and adjacent or near the beach and boardwalk
facilities, in order to provide suitable and legal restaurant,
tavern and recreation facilities so as to service and induce the

13

public, and in particular non-residents, to come to the Borough and utilize such facilities and businesses.

41. The plaintiffs, and each of them, pursuant to such inducements and practices over many years have responded and invested substantial amounts of money and investments into their particular business operations and facilities.

42. In addition, the plaintiffs, and each of them, pursuant to such inducements and practices over many years have engaged and employed numerous employees with the representation and expectation of continued accessibility to the place of business and continued employment upon satisfactory performance.

43. The plaintiffs, and each of them, have over the period of many years operated their business and facilities in a proper legal manner, complying with all State and local regulations for the conduct of such businesses.

44. The defendants Borough Governing Body and Borough by Ordinance 2012-12 have now acted contrary to the inducements and practices over many years upon which the plaintiffs have relied and acted upon, and by said action have substantially injured the plaintiffs and the third party beneficiary employees.

45. The actions of the defendants Borough Governing Body and Borough in adopting Ordinance 2012-12 --- so as to injure the plaintiffs, their business and facilities, and their

14

employees --- was done in bad faith and is barred and precluded by equitable estoppel.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

1.    Declaring Ordinance 2012-12 as invalid.

2.    For an award of attorney fees and costs.

3.    For such other relief as the Court deems just.

### FOURTH COUNT

45.    The plaintiffs repeat the allegations of paragraphs 1 through 44 as set forth herein.

46.    Ordinance 2012-12 includes within the area as specified as District 4 certain areas or streets that are not within the jurisdiction and control of the defendant Borough, and over which the defendant Borough does not have the jurisdiction or authority to regulate and/or prohibit public parking of motor vehicles.  The Ordinance 2012-12 is invalid as it purports to regulate and control the parking on streets over which the defendant Borough does not have jurisdiction.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

1.    Declaring Ordinance 2012-12 as invalid.

2.    For an award of attorney fees and costs.

3.    For such other relief as the Court deems just.

15

## FIFTH COUNT

47. The plaintiffs repeat the allegations of paragraphs 1 through 46 as set forth herein.

48. Upon information and belief, at least two members of the defendant Borough Council (Councilman Tooker and Councilman Corbally) own residences and are taxpayers in District 4.

49. As detailed in Ordinance 2012-12, District 4 taxpayers, including Councilman Tooker and Councilman Corbally and possibly other Council members, will each be entitled to the issuance of at least 6 parking placards without payment or consideration, with no restriction as to the conveyance and/or sale of such placards to third parties.

50. Such parking placards are property and have value, and the issuance of such valuable property to the Councilman voting for and adopting said Ordinance constitutes a sufficient pecuniary interest and special benefit, different than the benefit received by other taxpayers in the Borough, so as to constitute a conflict of interest precluding their participation in the vote on said Ordinance granting such special benefit.

**WHEREFORE,** the plaintiffs demand judgment for the following relief:

16

1.  Declaring Ordinance 2012-12 as invalid.

2.  For an award of attorney fees and costs.

3.  For such other relief as the Court deems just.

## SIXTH COUNT

51.  The plaintiffs repeat the allegations of paragraphs 1 through 50 as set forth herein.

52.  Councilman Michael Corbally is a licensed real estate broker of the State of New Jersey and a partner/principal in a real estate brokerage company known as "Barefoot Realty" with an office at 405 Arnold Avenue in the Borough. The defendant Corbally derives a substantial percentage and amount of his income from his work and participation with Barefoot Realty.

53.  A substantial percentage of the business of the Barefoot Realty firm is the listing for rent or sale, and the rental or sale, of real property within the Borough.

54.  A substantial percentage of the business of the Barefoot Realty firm is the listing for rent or sale, and the rental or sale, of real property within District 4 of the Borough.

55.  The defendant Corbally in the advertising and solicitations for business for the firm of Barefoot Realty actively promotes and utilizes his position as Borough

17

Councilman as an inducement for persons to utilize the services of that realty firm.

56.   The defendant Corbally actively participated in the drafting and passage of Ordinance 2012-12 and was one of its most vocal and active proponents.

57.   As previously detailed, by Ordinance 2012-12 a special benefit and property of value is granted without consideration to each District 4 property owner, with said placards/property being saleable and transferrable for valuable consideration to third parties.

58.   A substantial number of the parties benefited by the receipt of said valuable property without consideration are property owners who either are or were clients of Barefoot Realty and/or defendant Corbally, or property owners and/or individuals from whom Barefoot Realty and/or Corbally are actively seeking or soliciting business regarding the sale or rental of property within District 4.

59.   Further, the Local Government Ethics Law, N.J.S.A. 40A:9-22.1 et seq., among other relevant provisions, prohibits a local elected official from participating or acting in an official capacity on any matter in which he or any business organization in which he has an interest has a direct or indirect financial or personal involvement that might reasonably

18

be expected to impair his objectivity or independence of judgment.

60. By reason of the special and substantial interest and benefits conferred by said Ordinance, and in particular upon properties in District 4, the defendant Corbally's participation and involvement in the adoption of said Ordinance was improper and precluded by reason of conflict of interest and being contrary to the provisions of the Local Government Ethics Law, N.J.S.A. 40A:9-22.1 et seq. The participation of Councilman Corbally in the adoption of Ordinance 2012-12 is improper and requires its invalidation.

**WHEREFORE**, the plaintiffs demand judgment for the following relief:

1. Declaring Ordinance 2012-12 as invalid.

2. Precluding Councilman Corbally and/or any other Councilperson similarly situated from participating and acting upon any parking ordinance creating special placards or permits to property owners/residents within the Borough and/or within District 4.

3. For an award of attorney fees and costs.

4. For such other relief as the Court deems just.

19

## SEVENTH COUNT

61. The plaintiffs repeat the allegations of paragraphs 1 through 60 as set forth herein.

62. Within the public streets purportedly to be affected and included within the enforcement and provisions of Ordinance 2012-12 are several streets within and/or subject to the jurisdiction and control of the County of Ocean.

63. Prior to the introduction and/or public discussion at a Borough Council meeting of Ordinance 2012-12 or any parking prohibition to be effectuated on public streets in District 4, the defendant Councilman Corbally forwarded a letter January 26, 2012 to Freeholder Lacey of the Ocean County Board of Chosen Freeholders advising that he (Councilman Corbally) had "been authorized by the Governing Body of Pt. Pleasant Beach to correspond with you in your position as Freeholder/Liaison to the Road Department, to ascertain what steps the County would like to see taken in order for the Borough to implement a Pilot Resident Parking Program in District 4 of the Borough".

64. In response to that letter, Councilman Corbally received a letter from Ocean County Engineer Frank Scarantino, P.P., P.E. dated February 15, 2012. That letter basically advised that the proposal as presented by Ordinance 2012-12 "raises serious legal issues, as public right of way is

20

expressly available for all of the public" and further indicated the proposal presented "serious implications for tourists visiting the Borough and the impact of reduced tourism remedies, as the Borough is not proposing any alternative visitor parking. Tourism is the lifeblood of the County's economy."

65. Upon information and belief, those letters and in particular the response letter from the County of Ocean indicating serious legal issues and serious implications as to the impact on the economy of both the Borough and the County, and impact upon members of the public seeking to make use of public streets and public access to beach and boardwalk facilities, were not disclosed or made available and known to other members of the Point Pleasant Governing Body and to the public.

66. Despite the advices from the County of Ocean that such a proposal that would encompass or involve County roads was potentially not legal and would be detrimental to the local and county economy, Ordinance 2012-12 was thereafter adopted and includes within its purported area of enforcement certain streets within County jurisdiction and control.

67. Further, the failure of Councilman Corbally to disclose to the public and/or other members of the Governing Body the serious legal issues and serious economic issues raised

21

by the County in its letter constituted a violation of the obligation of full disclosure embodied in the Open Public Records Act and Open Public Meetings Act, and renders the public hearing and vote on the Ordinance 2012-12 as deficient and invalid.

**WHEREFORE**, the plaintiffs demand judgment for the following relief:

1. Declaring Ordinance 2012-12 as invalid and/or remanding Ordinance 2012-12 for a new public hearing and adoption vote with disclosure of all comments and/or communications from other governmental agencies.

2. For an award of attorney fees and costs.

3. For such other relief as the Court deems just.

## EIGHTH COUNT

68. The plaintiffs repeat the allegations of paragraphs 1 through 67 as set forth herein.

69. As detailed in the previous paragraphs Ordinance 2012-12 arbitrarily and impermissibly provides special benefits and considerations to a select number of property owners within the Borough and improperly injures plaintiffs in the legal and legitimate operation of their businesses.

22

70. For the reasons previously detailed and that the Ordinance was adopted in bad faith for improper purposes, Ordinance 2012-12 is arbitrary, capricious and unreasonable.

**WHEREFORE**, the plaintiffs demand judgment for the following relief:

1. Declaring Ordinance 2012-12 as invalid.

2. For an award of attorney fees and costs.

3. For such other relief as the Court deems just.

## NINTH COUNT

71. The plaintiffs repeat the allegations of paragraphs 1 through 70 as set forth herein.

72. Pursuant to 42 U.S.C. § 1983, the Courts are authorized to redress violations of rights, privileges or immunities secured by the United States Constitution and Federal law that occur by actions of municipal government and/or municipal officials under color of law.

72. By the passage of Ordinance 2012-12, the defendants Borough of Point Pleasant Beach and Governing Body have violated and will continue to violate constitutional rights and Federal rights of plaintiffs and other so situated to equal protection, due process, the right to equal access to public waters and facilities, and Federal statutory rights.

23

73. The defendant Borough and defendant Governing Body can be sued directly under 42 U.S.C. § 1983 for action adopted by Ordinance as an official municipal policy or custom, which promulgates and enforces a violation of Constitutional or Federal rights.

74. The defendant Corbally is sued in his official and individual capacities as a policy maker of the defendant Borough, acting under color of State law. The defendant Corbally's actions in fostering and adopting Ordinance 2012-12 were improper as detailed in the Complaint and were a misuse of authority.

75. The defendant John Does (1 through 6) are Borough officials and/or employees, acting under color of State law, in furtherance of Ordinance 2012-12 for unconstitutional purposes or violations so as to violate the Constitutional and/or Federal statutory rights of the plaintiffs or other similarly situated.

76. The plaintiffs, and each of them, and others similarly situated and/or affected will incur and will continue to incur substantial damages by reason of the unconstitutional policies now adopted and proposed to be enforced pursuant to Ordinance 2012-12.

**WHEREFORE,** the plaintiffs demand judgment against the defendants Borough of Point Pleasant Beach, Governing Body of

24

Point Pleasant Beach, and Michael Corbally, individually and in his official capacity, for the following relief:

1.    Declaring Ordinance 2012-12 as invalid.

2.    For an award of compensatory damages incurred.

3.    For an award of punitive damages for violation of plaintiffs' Constitutional and/or Federal statutory rights.

4.    For an award of reimbursement of all attorney fees and costs incurred pursuant to 42 U.S.C. § 1988.

5.    For such other relief as the Court deems just.

                              GASIOROWSKI & HOLOBINKO
                              Attorney for Plaintiffs



                         BY:    R. S. GASIOROWSKI

Dated:  May 7, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

The matter in controversy is not the subject of any other pending or contemplated action; and there are no other parties who should be joined in this action.    Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated.    Further, other than the parties set forth in this Complaint, I know of no other parties that should be made a part

25

of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, R. S. Gasiorowski, Esq. is designated as trial counsel on behalf of plaintiffs.

## JURY DEMAND

The plaintiffs demand Trial by jury on the issues so triable.

## CERTIFICATION PURSUANT TO R.4:69-4

R.S. Gasiorowski, an attorney-at-law of the State of New Jersey, hereby certifies:

1.   I am counsel for the plaintiff herein.

2.   I have caused to be ordered all necessary transcripts of local agency proceedings relative to the above matter.

26

EXHIBIT A

ADOPTED: April 17, 2012

## AN ORDINANCE OF THE BOROUGH OF POINT PLEASANT BEACH, COUNTY OF OCEAN AND STATE OF NEW JERSEY, CREATING A PARKING PLACARD FOR DISTRICT FOUR

WHEREAS, the Borough Council of the Borough of Point Pleasant Beach has recognized the need to limit parking in District Four between the hours of 12:00 a.m. and 6:00 a.m. during certain times of the year; and
WHEREAS, the Borough Council of the Borough of Point Pleasant Beach has recognized the need to establish regulations and control parking on residential streets between the hours of 12:00 a.m. and 6:00 a.m. during certain times of the year; and
WHEREAS, the Borough Council finds and determines that for the good and welfare of its citizens it is necessary and advisable to establish regulations that improve the quality of life for residents; and
WHEREAS, the Borough Council finds and determines that for the good and welfare of its citizens it is necessary and advisable to establish regulations and provide for the enforcement of parking regulations within the Borough;

NOW, THEREFORE, BE IT ORDAINED, by the Governing Body of the Borough of Point Pleasant Beach, County of Ocean and State of New Jersey, as follows:

SECTION I. Chapter IX of the Code of the Borough of Point Pleasant Beach, entitled "Traffic," shall be amended by making Section 9-17 entitled Penalty Section 9-18 and creating new Section 9-17 as follows:

"District 4 Resident Parking Permit:
9-17.1 Definitions and Word Usage.

Borough shall mean the Borough of Point Pleasant Beach
District Four shall be defined as that area of the Borough bordered on the east by the Atlantic Ocean, on the west by the New Jersey Transit Railroad Tracks, on the north by the Manasquan River and Inlet and on the South by the north side of Arnold Avenue.
Resident and Residental Taxpayer shall be defined as set forth in Section 9-14.1 of the Borough Code.
9-17.2 Issuance of Parking Placard.
Every District Four taxpayer of the Borough shall be provided 5 placards by the administrator to serve as the parking pass, which shall hang conspicuously from the vehicle's rearview mirror. The placards shall be numbered such that each placard may be associated with the taxpayer to whom it was issued. The placards shall be mailed by the administrator to the address so registered with the Borough's tax collector. Whether or not there is more than one taxpayer associated with a real property in District Four, no more than 5 placards shall be issued for each property.
9-17.3 Parking in District Four.

Parking in District Four in non-metered spaces shall be restricted to those licensed, registered and insured vehicles displaying a valid placard between the hours of 12:00 a.m. and 6:00 a.m. beginning the Monday before Memorial Day and lasting until the Monday after Labor Day

9-17.4 Placards for Residents and Residential Taxpayers

a. Any resident or residential taxpayer who desires a parking placard to enable them to park a vehicle in non-metered spaces in District Four during the restricted period may apply for a placard under this section by completing a form to be provided by the Borough Administrator detailing the applicant's name and address, insurance, and the registration number of the motor vehicle for which the applicant desires a parking pass.

b. Each resident or residential taxpayer is limited to one parking placard.

9-17.5 Placement of Signs

Signs posted to indicate the requirements imposed by this section shall be placed in accordance with existing rules and regulations of the State of New Jersey.

9-17.6 Duration, Restrictions and Prohibitions

a. Each placard shall be issued on a yearly basis no later than May 10th of each year. There shall be no proration if less than the full relevant period remains at the time an application for a pass is submitted.

b. Parking permission is subject to:

1. The parking placard shall be and remain in effect beginning the Monday before Memorial Day and lasting until the Monday after Labor Day of the calendar year issued

until the end of the year unless surrendered or revoked prior thereto;

2. The issuance of a parking pass shall not obligate the borough to furnish parking facilities to the holder of said parking pass.

c. Permission to park may be revoked for any of the following:

1. Falsely representing the ownership of a vehicle or the residence of the owner;

2. The commission by the holder of a parking pass of any unlawful act prohibited by the law of the state of New Jersey or for any act in violation of the provisions of this or contrary to any regulation of the borough pertaining to the use and occupation of any parking area while entering, parking or leaving such parking area as set forth in this section.

d. Reproduction of any parking placard is prohibited:

1. No person shall:

(a) Copy, reproduce, or otherwise create a parking placard authorized pursuant to this section;

(b) Create a facsimile or counterfeit parking placard;

(c) Display or use a parking placard knowing same to have been copied, reproduced or otherwise crafted in violation of this section;

2. No person shall furnish false information or fraudulent documents in connection with an application for a parking placard;

3. Any person found violating the provisions of this section is punishable by a fine not to exceed two thousand ($2,000.00) dollars and/or imprisonment for not more than ten days and forfeits the right to receive or use a parking pass under this section for a period of three years;

4. No pass authorized may be issued to a person with three or more outstanding summonses for violations of this section or any related parking section.

e. In addition to the imposition of the above or any other penalty that may be imposed by law for the violation of any of the provisions of this section, the borough may provide for the removal of any vehicle, which is allowed to

stand or be parked in any parking area pursuant to this section. The owner shall bear the reasonable cost of removal and storage that may result from such removal before regaining possession of the vehicle.

f. Any violations under this section that are disputed by the resident to whom the parking pass was issued, will be adjudicated before a hearing officer.

SECTION II. This ordinance shall no longer be effective or apply and shall be repealed in its entirety on December 31, 2012, unless such date of repeal is further extended by ordinance of the Governing Body.

SECTION III. In the event any section, part or provision of this Ordinance shall be held unconstitutional or invalid by any Court, such holding shall not affect the validity of this Ordinance or any remaining part of this Ordinance other than the part held unconstitutional or invalid.

SECTION IV. All ordinances or parts thereof, which are inconsistent with the provisions of this Ordinance are hereby repealed to the extent of their inconsistencies.

SECTION V. This Ordinance shall take effect immediately upon its final passage and publication as required by law.

NOTICE

NOTICE IS HEREBY GIVEN that the foregoing Ordinance was introduced and passed on first reading at the regular meeting of the Borough Council of the Borough of Point Pleasant Beach, in the County of Ocean, held on the 20th day of March 2012 and will be considered for second reading and final passage at the regular meeting of said governing body to be held on the 17th day of April 2012 at 7:00 P.M. in the Council Chambers, Borough Hall, 416 New Jersey Avenue, Point Pleasant Beach, New Jersey at which time and place a person desiring to be heard will be given opportunity to be heard.

_____  _____  ___

Maryann Ellsworth, R.M.C.
Municipal Clerk

Page printed from:
http://www.pointpleasantbeach.org/news.php?action=fullnews&id=1328

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|



**CIVIL CASE INFORMATION STATEMENT**
**(CIS)**

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐ CK ☐ CG ☐ CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| 1. ATTORNEY / PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| R. S. Gasiorowski, Esq. | (732) 212-9930 | Ocean |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (when available) |
|---|---|
| Gasiorowski & Holobinko | 1472-12 |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 54 Broad Street Red Bank, New Jersey 07701 | Complaint |
| | 8. JURY DEMAND ☐ YES ■ NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| Martell's Sea Breeze and Jenkinson's Pavilion | Martell's Sea Breeze and Jenkinson's Pavilion v. Governing Body of the Borough of Point Pleasant Beach, The Borough of Point Pleasant Beach and Michael Corbally |

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☐ NO |
|---|---|
| 701 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| 13. RELATED CASES PENDING? | 14. IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES ■ NO | |

| 15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | 16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES ■ NO | ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 17. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ YES ■ NO | ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |

18. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ NO

19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| | 20. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| ♿ | ☐ YES ■ NO | |

| 21. WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
|---|---|
| ☐ YES ■ NO | |

22. **I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

23. ATTORNEY SIGNATURE:

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**

| | |
|---|---|
| 280  ZELNORM | 290  POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 285  STRYKER TRIDENT HIP IMPLANTS | 291  PELVIC MESH/GYNECARE |
| 288  PRUDENTIAL TORT LITIGATION | 292  PELVIC MESH/BARD |
| 289  REGLAN | 293  DEPUY ASR HIP IMPLANT LITIGATION |

**Mass Tort (Track IV)**

| | |
|---|---|
| 248  CIBA GEIGY | 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266  HORMONE REPLACEMENT THERAPY (HRT) | 282  FOSAMAX |
| 271  ACCUTANE/ISOTRETINOIN | 284  NUVARING |
| 274  RISPERDAL/SEROQUEL/ZYPREXA | 286  LEVAQUIN |
| 278  ZOMETA/AREDIA | 287  YAZ/YASMIN/OCELLA |
| 279  GADOLINIUM | 601  ASBESTOS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**     ■ **Putative Class Action**     ☐ **Title 59**

# EXHIBIT C

GASIOROWSKI & HOLOBINKO
54 BROAD STREET
RED BANK, NEW JERSEY 07701
(732) 212-9930
Attorney for Plaintiffs, Martell's
Tiki Bar, Inc. and Jenkinson's Pavilion

| | |
|---|---|
| MARTELL'S TIKI BAR, INC. and JENKINSON'S PAVILION, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: OCEAN COUNTY |
| Plaintiff, | : |
| -vs- | : Docket No.: OCN-L-1472-12 |
| | : |
| GOVERNING BODY OF THE BOROUGH OF POINT PLEASANT BEACH, THE BOROUGH OF PLEASANT BEACH, MICHAEL CORBALLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND JOHN DOES (1 THROUGH 6) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, | :<br>:<br>: Civil Action<br>:<br>: **ACKNOWLEDGEMENT OF SERVICE**<br>:<br>: |
| Defendants. | : |

Service of the within Summons, Complaint in Lieu of Prerogative Writs and Complaint Pursuant to 42 U.S.C. § 1983, and First Amended Complaint in Lieu of Prerogative Writs and Complaint Pursuant to 42 U.S.C. § 1983 is hereby acknowledged on behalf of Defendants, **Governing Body of the Borough of Point Pleasant Beach, and The Borough of Point Pleasant Beach** this ___15___ day of May, 2012.

_____
SEAN D. GERTNER, ESQ.

C:\Users\Trisha\Documents\My Box Files\Litigation1 \Jenkinson's-Martells vs. Pt. Pleasant Beach Governing Body, et als\Pleadings\Acknowledgement of Service .doc

GASIOROWSKI & HOLOBINKO
54 Broad Street
Red Bank, New Jersey 07701
(732) 212-9930
Attorney for Plaintiffs

| | |
|---|---|
| MARTELL'S TIKI BAR, INC. and JENKINSON'S PAVILION, | : SUPERIOR COURT OF NEW JERSEY : LAW DIVISION: OCEAN COUNTY |
| Plaintiffs, | : DOCKET NO. OCN-L-1472-12 |
| v. | : Civil Action |
| GOVERNING BODY OF THE BOROUGH : OF POINT PLEASANT BEACH, THE BOROUGH OF PLEASANT BEACH, MICHAEL CORBALLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND JOHN DOES (1 THROUGH 6) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, | : SUMMONS |
| Defendants. | |

From the State of New Jersey
To the Defendant(s) Named Above: The Borough of Point Pleasant Beach

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to his summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have any attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

JENNIFER M. PEREZ, CLERK

Dated: May 15, 2012

C:\Users\Trisha\Documents\My Box Files\Litigation1\Jenkinson's-Martells vs.  Pt. Pleasant Beach Governing Body, et als\Pleadings\Summons to The Borough of Point Pleasant Beach.doc

Name of Defendant to Be Served:  The Borough of Point Pleasant Beach by its Manager on Duty or Person Authorized to Accept Service

Address of Defendant to Be Served: Borough Hall
                                   416 New Jersey Avenue,
                                   Point Pleasant Beach, New Jersey 08742

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Court Facility,
49 Rancocas Road
Mount Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
First Floor, Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 North Main Street, Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street, Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Civil Records Dept.
Brennan Courthouse, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 263-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building, 3rd Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Monmouth County Courthouse
71 Monument Park, P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Passaic County Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
Court House, First Floor
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Warren County Courthouse
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 387-1835
LEGAL SERVICES
(908) 475-2010

Powered by
HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2