GERTNER MANDEL & PESLAK
COUNSELLORS AT LAW
PO Box 499
Lakewood, NJ 08701
Telephone: 732-363-3333
Fax: 732-363-3345
File No. 7141-07-12A
Attorneys for Defendants GOVERNING BODY OF THE BOROUGH OF POINT PLEASANT BEACH, THE BOROUGH OF POINT PLEASANT BEACH, MICHAEL CORBALLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

| | |
|---|---|
| MARTELL'S TIKI BAR, INC. and JENKINSON'S PAVILION,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOVERNING BODY OF THE BOROUGH OF POINT PLEASANT BEACH, THE BOROUGH OF POINT PLEASANT BEACH, MICHAEL CORBALLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AND JOHN DOES (1 THROUGH 6) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendant(s). | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. 3:12-cv-03444-JAP-DEA<br><br>**ANSWER TO FIRST AMENDED COMPLAINT IN LIEU OF PREROGATIVE WRITS AND COMPLAINT PURSUANT TO 42 U.S.C. SECTION 1983** |

The Defendants, GOVERNING BODY OF THE BOROUGH OF POINT PLEASANT BEACH, THE BOROUGH OF POINT PLEASANT BEACH, and MICHAEL CORBALLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, hereinafter collectively referred to as "the Defendants," located at 416 New Jersey Avenue, Borough of Point Pleasant Beach, County of Ocean, and State of New Jersey 08742, through their attorney, Sean D. Gertner, Esquire, of Gertner Mandel & Peslak, LLC, by way of Answer to the Complaint, says:

### ANSWER TO STATEMENT OF FACTS COMMON TO ALL COUNTS

Kindly note that there are some paragraphs with the same numbers as we have mirrored the complaint including numbering errors contained therein.

1. The Defendants neither admit nor deny the allegations set forth in Paragraph 1 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

2. The Defendants neither admit nor deny the allegations set forth in Paragraph 2 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

3. The Defendants admit the allegations set forth in Paragraph 3 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

4. The Defendants deny the truth of the allegations set forth in Paragraph 4 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint, except that the Defendants admit that Defendant Michael Corbally is an elected member of the Borough Governing Body and that Ordinance 2012-12 was introduced and adopted by the Point Pleasant Beach Governing body.

5. The Defendants deny the allegations set forth in Paragraph 5 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint as Plaintiffs omit other facts therefore making this factual statement inaccurate and misleading.

6. The Defendants deny the allegations set forth in Paragraph 6 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

7. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

8. The Defendants neither admit nor deny the allegations set forth in Paragraph 8 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

9. The Defendants deny the allegations set forth in Paragraph 9 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

10. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

11. The Defendants deny the allegations set forth in Paragraph 11 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint but admit that they can elect to regulate parking within the Borough of Point Pleasant Beach pursuant to the Municipal Parking Authority Law as set forth in N.J.S.A. 40:11A-1, et seq.

12. The Defendants admit portions of the allegations set forth in Paragraph 12 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint; however, Plaintiffs omit portions of the Borough Code Section 2-21; therefore, making this factual statement inaccurate and misleading.

13. The Defendants neither admit nor deny the allegations set forth in Paragraph 13 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

14. The Defendants deny the allegations set forth in Paragraph 14 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

15. The Defendants admit the allegations set forth in Paragraph 15 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint; however, Plaintiffs omit other facts; therefore, making this factual statement inaccurate and misleading.

16. The Defendants admit portions of the allegations set forth in Paragraph 16 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint; however, Plaintiffs omit other facts; therefore, making this factual statement inaccurate and misleading.

17. The Defendants admit the allegations set forth in Paragraph 17 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

18. The Defendants admit the allegations set forth in Paragraph 18 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

19. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Statement of Facts Common to all Counts of Plaintiffs' Complaint.

## FIRST COUNT

20. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

21. The Defendants admit the allegations set forth in Paragraph 21 of the First Count of Plaintiffs' Complaint.

22. The Defendants admit the allegations set forth in Paragraph 22 of the First Count of Plaintiffs' Complaint.

23. The Defendants admit the allegations set forth in Paragraph 23 of the First Count of Plaintiffs' Complaint.

24. The Defendants neither admit nor deny the allegations set forth in Paragraph 24 of the First Count of Plaintiffs' Complaint.

25. The Defendants neither admit nor deny the allegations set forth in Paragraph 25 of the First Count of Plaintiffs' Complaint.

26. The Defendants neither admit nor deny the allegations set forth in Paragraph 26 of the First Count of Plaintiffs' Complaint.

27. The Defendants deny the allegations set forth in Paragraph 27 of the First Count of Plaintiffs' Complaint as Ordinance 2012-12 has been amended by Ordinance 2012-20, a copy of which has been attached hereto as Exhibit A.

28. The Defendants deny the allegations set forth in Paragraph 28 of the First Count of Plaintiffs' Complaint.

29. The Defendants deny the truth of the allegations set forth in Paragraph 29 of the Second Count of Plaintiffs' Complaint; moreover, as Ordinance 2012-12 has been amended by Ordinance 2012-20, a copy of which has been attached hereto as Exhibit A, this question is moot.

30. The Defendants deny the truth of the allegations set forth in Paragraph 30 of the Second Count of Plaintiffs' Complaint; moreover, as Ordinance 2012-12 has been amended by Ordinance 2012-20, a copy of which has been attached hereto as Exhibit A, the issue is moot.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

## SECOND COUNT

31. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint and in the First Count of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

32. The Defendants neither admit nor deny the allegations set forth in Paragraph 32 of the Second Count of Plaintiffs' Complaint as these allegations are too vague and ambiguous and omit facts which make these statements inaccurate and misleading.

33. The Defendants admit the allegations set forth in Paragraph 33 of the Second Count of Plaintiffs' Complaint and to the extent that an application was filed; the balance of the allegations are denied.

34. The Defendants admit the allegations set forth in Paragraph 34 of the Second Count of Plaintiffs' Complaint as these allegations are too vague and ambiguous and omit facts which make these statements inaccurate and misleading.

35. The Defendants admit the allegations set forth in Paragraph 35 of the Second Count of Plaintiffs' Complaint as these allegations are too vague and ambiguous and omit facts which make these statements inaccurate and misleading.

36. The Defendants deny the allegations set forth in Paragraph 36 of the Second Count of Plaintiffs' Complaint.

37. The Defendants deny the allegations set forth in Paragraph 37 of the Second Count of Plaintiffs' Complaint.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

### THIRD COUNT

38. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint and in the First and Second Counts of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

39. The Defendants deny the allegations set forth in Paragraph 39 of the Third Count of Plaintiffs' Complaint as the mere fact of the Borough's unique physical location, the Borough always seeks to create a welcoming environment, through the powers vested in it by the State of New Jersey, for the benefit/ health and safety of its visitors.

40. The Defendants deny the allegations set forth in Paragraph 39 of the Third Count of Plaintiffs' Complaint as the mere fact of the Borough's unique physical location, the Borough always seeks to create a welcoming environment, through the powers vested in it by the State of New Jersey, for the benefit/ health and safety of its visitors.

41. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Third Count of Plaintiffs' Complaint.

42. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Third Count of Plaintiffs' Complaint.

43. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Third Count of Plaintiffs' Complaint.

44. The Defendants deny the allegations set forth in Paragraph 44 of the Third Count of Plaintiffs' Complaint.

45. The Defendants deny the allegations set forth in Paragraph 45 of the Third Count of Plaintiffs' Complaint.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

## FOURTH COUNT

45. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint and in the First, Second, and Third Counts of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

46. The Defendants deny the allegations that Ordinance 2012-12 is not valid as set forth in Paragraph 46 of the Fourth Count of Plaintiffs' Complaint; however, the Defendants admit that Ordinance 2012-12 includes areas or streets not within its jurisdiction to regulate and recognizes that the Borough cannot enforce ordinances in areas or streets on or about such areas.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

## FIFTH COUNT

47. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint and in the First, Second, Third, and Fourth Counts of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

48. The Defendants admit the allegations set forth in Paragraph 48 of the Fifth Count of Plaintiffs' Complaint.

49. The Defendants admit the allegations set forth in Paragraph 49 of the Fifth Count of Plaintiffs' Complaint but deny the allegation as to the no restriction of the sale or conveyance to third parties; moreover, as Ordinance 2012-12 has been amended by Ordinance 2012-20, a copy of which has been attached hereto as Exhibit A, this issue is moot.

50. The Defendants deny the allegations set forth in Paragraph 50 of the Fifth Count of Plaintiffs' Complaint; moreover, as Ordinance 2012-12 has been amended by Ordinance 2012-20, a copy of which has been attached hereto as Exhibit A, this issue is moot.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

## SIXTH COUNT

51. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint and in the First, Second, Third, Fourth, and Fifth Counts of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

52. The Defendants deny the allegations set forth in Paragraph 52 of the Sixth Count of Plaintiffs' Complaint as Councilman Michael Corbally is a licensed real estate agent and does not derive a substantial percentage of his income from his work and participation from Barefoot Realty.

53. The Defendants neither admit nor deny the allegations set forth in Paragraph 53 of the Sixth Count of Plaintiffs' Complaint as these allegations are too vague and ambiguous and omit facts which make these statements inaccurate and misleading.

54. The Defendants neither admit nor deny the allegations set forth in Paragraph 54 of the Sixth Count of Plaintiffs' Complaint as these allegations are too vague and ambiguous and omit facts which make these statements inaccurate and misleading.

55. The Defendants deny the allegations set forth in Paragraph 55 of the Sixth Count of Plaintiffs' Complaint as these allegations are too vague and ambiguous and omit facts which make these statements inaccurate and misleading.

56. The Defendants deny the allegations set forth in Paragraph 55 of the Sixth Count of Plaintiffs' Complaint as these allegations are too vague and ambiguous and omit facts which make these statements inaccurate and misleading.

57. The Defendants deny the allegations set forth in Paragraph 57 of the Sixth Count of Plaintiffs' Complaint; moreover, as Ordinance 2012-12 has been amended by Ordinance 2012-20, a copy of which has been attached hereto as Exhibit A, this issue is moot.

58. The Defendants deny the allegations set forth in Paragraph 58 of the Sixth Count of Plaintiffs' Complaint.

59. The Defendants neither admit nor deny the allegations set forth in Paragraph 59 of the Sixth Count of Plaintiffs' Complaint as these allegations are too vague and ambiguous and omit facts which make these statements inaccurate and misleading.

60. The Defendants deny the allegations set forth in Paragraph 60 of the Sixth Count of Plaintiffs' Complaint.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

## SEVENTH COUNT

61. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint and in the First, Second, Third, Fourth, Fifth, and Sixth Counts of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

62. The Defendants admit the allegations set forth in Paragraph 62 of the Seventh Count of Plaintiffs' Complaint.

63. The Defendants admit the allegations set forth in Paragraph 63 of the Seventh Count of Plaintiffs' Complaint.

64. The Defendants neither admits nor denies the allegations set forth in Paragraph 64 of the Seventh Count of Plaintiffs' Complaint but shall have Plaintiffs to their proofs.

65. The Defendants deny the allegations set forth in Paragraph 65 of the Seventh Count of Plaintiffs' Complaint.

66. The Defendants deny the allegations that as set forth in Paragraph 66 of the Seventh Count of Plaintiffs' Complaint.

67. The Defendants deny the allegations set forth in Paragraph 67 of the Seventh Count of Plaintiffs' Complaint.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

## EIGHTH COUNT

68. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint and in the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Counts of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

69. The Defendants deny the allegations set forth in Paragraph 69 of the Eighth Count of Plaintiffs' Complaint.

70. The Defendants deny the allegations set forth in Paragraph 70 of the Eighth Count of Plaintiffs' Complaint.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

## NINTH COUNT

71. The Defendants repeat and re-allege each and every response in the Statement of Facts Common to all Counts of Plaintiffs' Complaint and in the First, Second, Third, Fourth, Fifth,

Sixth, Seventh, and Eighth Counts of Plaintiffs' Complaint with the same force and effect as though fully set forth herein.

72. The Defendants admit the allegations set forth in Paragraph 72 of the Ninth Count of Plaintiffs' Complaint.

72 The Defendants deny the allegations set forth in Paragraph 72 of the Ninth Count of Plaintiffs' Complaint.

73 The Defendants deny the allegations set forth in Paragraph 73 of the Ninth Count of Plaintiffs' Complaint.

74 The Defendants deny the allegations set forth in Paragraph 74 of the Ninth Count of Plaintiffs' Complaint.

75 The Defendants deny the allegations set forth in Paragraph 75 of the Ninth Count of Plaintiffs' Complaint.

76 The Defendants deny the allegations set forth in Paragraph 76 of the Ninth Count of Plaintiffs' Complaint.

**WHEREFORE,** The Defendants demand that the Complaint be dismissed and for such other relief that the Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The decisions of the Defendants are granted a presumption of validity and should therefore be affirmed by the Court.

Based on the policy argument and reasons presented by the Defendants during the course of public meetings, the Defendants had an adequate and reasonable basis that was supported by credible and competent evidence, to propose and pass these ordinances.

For the reasons set forth above, the action of the Defendants were not arbitrary, unreasonable, or in violation of the Constitution of the State of New Jersey or the Constitution of the United States of America. Plaintiffs were not deprived of any property rights thereby, and the Defendants did not abuse their discretion in approving the ordinances.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The Defendants have at all times acted pursuant to Law and Public Authority in the performance of their duties.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants have not engaged in any unlawful practice and Defendants' conduct are privileged and performed in the exercise of the absolute right and power and are justified.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants are under no duty to the Plaintiffs herein.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants performed each and every duty owed to the Plaintiffs if one is found to exist.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred by The Doctrine of Avoidable Consequence.

### EIGHTH AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, the Defendants are guilty of no fraud, lawful misconduct, unlawful misconduct, deception, false pretense, false promises, misrepresentation, and/or unconscionable actions.

## RESERVATION OF DEFENSES AND OBJECTIONS

The Defendants hereby reserve the right to impose other defenses and objections as continuing investigation may disclose.

## CERTIFICATION PURSUANT 4:6-1

The undersigned hereby certifies that the within Answer is being served within the time allowed by the Rules of the New Jersey State Courts.

## DESIGNATION OF TRIAL COUNSEL

The Defendants hereby designate SEAN D. GERTNER, ESQ. as trial counsel pursuant to R. 4:25-4 of the New Jersey State Courts.

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that to the best of my knowledge there are no other pending actions or arbitration proceedings concerning the subject of this action, and that no such other actions or arbitration proceedings are contemplated at this time except there is a matter currently pending of PURPLE JET FISHING CHARTERS t/a QUEEN MARY; GOLDEN TOUCH CHARTERS, INC.; MISS MICHELE, L.L.C.; POINT PLEASANT MARINA, INC. t/a SOUTHSIDE MARINA; DAVID RIBACK; JOHN COLE; RICHARD FISCHER; ROBERT SANTANELLO; RON BRAEN; MARILYN BURKE; and ROSEMARIE IANTOSCA v. BOROUGH OF POINT PLEASANT BEACH and governing body, in the United States District Court, District of New Jersey, Trenton Vicinage, under Civil Action No. 3:12-cv-03503-FLW-TJB. I further certify that I know of no other persons who should be joined as parties in this action at this time.

GERTNER, MANDEL & PESLAK, LLC

By: _____
Sean D. Gertner, Esq.

Dated: JUNE ___, 2012